833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Gilbert SMITH, Plaintiff-Appellant,
v.
U.S. MARSHAL, Name Unknown; Deputy U.S. Marshal, Name
Unknown; Deputy U.S. Marshal, Name Unknown; and
United States of America, Defendants-Appellees.
 No. 86-3232.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before LIVELY, Chief Circuit Judge, KEITH and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Donald Gilbert Smith appeals from an order of the United States District Court for the Northern District of Ohio granting summary judgment in favor of appellees United States Marshal, two Deputy United States Marshals and the United States of America. The district court held that appellant had no expectation of privacy in connection with a search of his property that took place after the property was relinquished by appellees to appellant's attorney. For the reasons set forth below, we REVERSE and REMAND this action to the district court for a determination on the legality of the search and on the issue of qualified immunity.
 
 
 2
 Appellant was arrested on February 17, 1981, and his personal property was searched and inventoried. The property, excluding a Wilkerson sword knife and $3,131.00, was then released to his attorney, who signed a receipt for it. The property was in a duffel bag. The attorney left the bag at the Marshal's office to receive a phone call. When the attorney returned, the officers had reopened the bag and were looking through appellant's wallet. The officers took this action without the permission of appellant or his attorney.
 
 
 3
 Appellant filed a pro se complaint on March 15, 1982, claiming that appellees unlawfully seized cash and a knife. Appellant also claimed that his wallet was illegally searched after it had been turned over to his attorney. On November 30, 1982, the district court granted appellees' motion to dismiss the action. Appellant appealed and on August 27, 1985, this Court issued an order which affirmed the lower court's decision in part and vacated in part, finding that appellant's claim concerning the seizure of his wallet was not answered by the government. We, therefore, remanded the case for further proceedings.
 
 
 4
 On remand, the district court granted appellees' motion for summary judgment. It found that appellant had no legitimate expectation of privacy in connection with the search.
 
 
 5
 Appellant argues that the search in question was not an initial inventory search, but a second search which took place after his personal belongings were turned over to his attorney. Appellant argues that the issue concerning whether a second warrantless search took place created a genuine issue of material fact. Accordingly, appellant argues that the district court erred in granting appellees' motion for summary judgment.
 
 
 6
 Appellees argue that the search in question was a continuation of the initial inventory search and no fourteenth amendment violation occurred. Appellees thus argue that the lower court was correct in granting summary judgment. In the alternative, appellees argue that summary judgment was proper because they possess qualified immunity.
 
 
 7
 After careful consideration, we hold that the district court erred in granting summary judgment. In reviewing a summary judgment disposition, this Court must view the evidence in the light most favorable to the party opposing the motion. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam) (citation omitted). In reviewing the order granting summary judgment, we note that the district court, in considering appellant's claim of a warrantless second search, stated that "[i]t thus appears that there is a material issue of fact and that the defendants' motion for summary judgment should not be granted." Joint Appendix at 54. However, after stating the above language, the district court proceeded to grant appellees' motion for summary judgment. We find the district court's reasoning to be inconsistent and insufficient to support its grant of summary judgment.
 
 
 8
 With regard to the issue of qualified immunity, the Supreme Court in Anderson v. Creighton, 107 S.Ct. 3034, 3042 n. 6 (1987), stated, "One of the purposes of the Harlow [v. Fitzgerald, 457 U.S. 800 (1982) ] qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.' For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." Thus, we direct the district court to focus its attention to this issue first.
 
 
 9
 Accordingly, for the reasons set forth above, we REVERSE and REMAND to the district court to make a determination as to the legality of the issues raised by the parties.